UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

BRIGITA GUMSEY,

        Plaintiff,

v.

CHERRY REPUBLIC, INC,
A domestic corporation,

        Defendant.

Case No. 22-cv-

Hon.

_____/

| ERIC STEMPIEN (P58703) <br> STEMPIEN LAW, PLLC <br> Attorneys for Plaintiff <br> 38701 Seven Mile Rd., Suite 130 <br> Livonia, MI 48152 <br> (734)744-7002 <br> eric@stempien.com | |
|---|---|

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Brigita Gumsey, by and through her attorneys, Stempien Law, PLLC, hereby complains against Defendant Cherry Republic, Inc. and in support thereof states:

1. Brigita Gumsey ("Plaintiff") is a resident of Cedar, Leelanau County, Michigan.

1

2. Cherry Republic, Inc. ("Cherry Republic" or "Defendant") is a Domestic Profit Corporation with its principal place of business located in Glen Arbor, Leelanau County, Michigan.

3. Jurisdiction is vested with this Court pursuant to 29 USC §621, et seq and 28 USC §1331. Venue lies in the Western District of Michigan.

4. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC §1367.

5. The events giving rise to this cause of action occurred within the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Plaintiff is 64 years old.

7. Plaintiff is a female.

8. Plaintiff was employed by Cherry Republic at all relevant times.

9. Plaintiff had been hired by Defendant initially as a seasonal packing employee on November 14, 2017.

10. Plaintiff returned seasonally as a rehire each year until her termination in 2020.

11. In or about the 2018 season, Plaintiff suffered harassment from a Cherry Republic employee, Jan Bar. The statements and conduct by Jan Bar included harassment based on Plaintiff's age.

12. Plaintiff reported the harassment to Defendant's human resources department in an attempt to resolve this issue.

13. Defendant did not take any prompt nor remedial action to end the harassment.

14. Plaintiff suffered severe emotional distress as a result of Jan Bar's harassment.

15. Following the meeting, Jan Bar was hostile and cold toward Plaintiff.

16. Jan Bar continued her harassment, and retaliated against Plaintiff, by increasingly hostile and critical treatment of Plaintiff.

17. Plaintiff continued to report the harassment to Defendant's human resources department.

18. Defendant did not take any action in response to Plaintiff's reports of harassment.

19. Plaintiff was employed as a baker at Defendant's Empire Factory in or about May 2019.

20. In or about May 2019, Plaintiff emailed Roni Hazelton to inquire about fulltime employment.

21. Roni Hazelton was the Vice President of Fulfillment.

22. During Plaintiff's employment at Empire Factory, she was subject to harassment from her supervisor, Darlene Friend, including age-based harassment.

23. Brenda, another employee at Cherry Republic, made several comments about Plaintiff's age.

24. On or about September 4, 2019, Brenda commented on Plaintiff's age by stating "that's what you get when you hire a bunch of old ladies."

25. Plaintiff reported the harassment and age-based comments to Todd Ciolek, the CEO, and Kelli Stepka, the HR Manager.

26. Defendant did not take any prompt nor remedial action in response to the harassment directed at Plaintiff.

27. Plaintiff suffered negative consequences as a result of her report.

28. In or about September 2019, a job for a fulltime position was placed in the lunchroom, for one single Friday.

29. Plaintiff was not scheduled to work on Fridays.

30. Defendant intentionally placed the job posting in the lunchroom on a day Defendant knew Plaintiff was not working.

31. Defendant intentionally excluded Plaintiff from the job posting.

32. Mary, a coworker of Plaintiff, informed Plaintiff of the job posting via text message.

33. In this text message, Mary informed Plaintiff that the job posting was available, and offered to include her in the list of applicants.

34. Plaintiff did apply for the full-time position, despite Defendant's attempts to keep it hidden from her.

35. Subsequent to her application, Plaintiff asked Craig McKinnon, a Human Resources director, whether a hiring decision had been made; but he told her that there had not been.

36. Plaintiff was laid off by Defendant on December 20, 2019, due to her seasonal employment coming to an end.

37. Plaintiff applied for another fill-time permanent baker position with Defendant on or about January 6, 2020.

38. Defendant hired a much younger, similarly situated, and less-experienced seasonal worker for the full-time permanent baker position.

39. Defendant hired Calista, an inexperienced 19-year-old employee to fill the full-time permanent baker position.

40. The person Defendant hired for the full-time, permanent baker position had multiple complaints against her.

41. Plaintiff was far more qualified for the full-time baker position than Calista.

42. On two other occasions, Defendant gave younger, less qualified people jobs over Plaintiff.

43. In addition, Calista's mother, Brenda, and her father were hired for a full time Bakery position with Defendant.

5

44. Brenda and her husband were approximately 39 years old at the time of hiring.

45. Plaintiff complained to Defendant about the Defendant selecting an inexperienced 19-year-old for the full-time position over her.

46. Plaintiff was denied recall and re-hire on or about June 27, 2020.

47. Plaintiff was informed at that time that there was no other fulltime or seasonal position available.

48. Defendant had hired Calista's sister, who was 17 years old at the time for seasonal work.

49. Defendant had also hired Calista's brother, who was 13 years old at the time, for seasonal work.

50. Plaintiff was informed that Cherry Republic was not hiring in the immediate future, despite the fact that they had just hired four new employees, while denying Plaintiff both full-time and seasonal positions.

51. Plaintiff was subsequently removed from the internal job posting email list.

52. Plaintiff's discharge and failure to re-hire was directly related to her age.

53. In the alternative, Plaintiff's discharge and failure to re-hire was as a direct result of her complaints about Defendant's violations of the law.

## COUNT I
## VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT
## AGE DISCRIMINATION

54. Plaintiff hereby incorporates by reference all previous paragraphs of the Complaint as if fully set forth herein.

55. Plaintiff is a member of a protected class based on her age, 64 years.

56. Plaintiff was qualified for the position as a fulltime baker with Defendant.

57. Plaintiff suffered an adverse employment action when she was terminated and not rehired from her employment with Defendant.

58. Plaintiff's age was a significant and motivating factor in Defendant's decision to terminate her employment.

59. As a direct and proximate result of Defendant's violation of the Elliot Larsen Civil Rights Act, Plaintiff has suffered damages including, but not limited to: lost past and future wages, lost past and future employment benefits, loss of earning capacity and emotional distress.

## COUNT II
## VIOLATION OF ELLIOTT LARSEN CIVIL RIGHTS ACT
## RETALIATION

60. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

61. Plaintiff engaged in protected activity when she opposed the age harassment that she suffered during her employment with Defendant.

62. Defendant knew of Plaintiff's protected activity.

63. Plaintiff suffered adverse employment actions, including, but not limited to: increased harassment and discharge.

64. There is a causal connection between the protected activity and the adverse employment actions.

65. As a result of the foregoing, Plaintiff has suffered damages, including but not limited to: lost past and future wages, loss of earning capacity and severe emotional distress.

## COUNT III
## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

66. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

67. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of 29 USC §621 et seq.

68. Plaintiff suffered from age-based harassment by Defendant's agents and employees throughout the course of her employment.

69. The harassment included, but is not limited to, unwelcome comments and conduct of an offensive nature directed at the older employees and the creation of a hostile work environment.

70. Plaintiff complained about harassment, discrimination, and the events described above to Defendant's Managers, Supervisors, and Human Resources Department.

71. Defendant did not promptly remedy ongoing age-based harassment when Plaintiff complained.

72. Defendant permitted the harassment to continue.

73. The conducts of Defendant's agents and employees in harassing Plaintiff constitutes age discrimination in violation of the Age Discrimination in Employment Act.

74. Plaintiff is a member of a protected class based on her age, 64 years.

75. Plaintiff was qualified for the position as a fulltime baker with Defendant.

76. Plaintiff suffered an adverse employment action when she was terminated and not rehired from her employment with Defendant.

77. Plaintiff's age was a significant and motivating factor in Defendant's decision to terminate her employment.

78. As a result of the foregoing, Plaintiff has suffered damages, including but not limited to: lost past and future wages, loss of earning capacity and severe emotional distress.

## COUNT IV
## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT RETALIATION

79. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

80. Plaintiff engaged in protected activity when she opposed the age harassment that she suffered during her employment with Defendant.

81. Defendant knew of Plaintiff's protected activity.

82. Plaintiff suffered adverse employment actions, including, but not limited to: increased harassment and discharge.

83. There is a causal connection between the protected activity and the adverse employment actions.

84. As a result of the foregoing, Plaintiff has suffered damages, including but not limited to: lost past and future wages, loss of earning capacity and severe emotional distress.

## JURY DEMAND

Plaintiff Brigita Gumsey hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: November 27, 2022